**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

**UNITED EDUCATORS INSURANCE,**

    **Plaintiff,**

**vs.**                                                                                    **Case No. 08-cv-99-J-16-TEM**

**EVEREST INDEMNITY INSURANCE
COMPANY,**

    **Defendant.**

_____/

**<u>ORDER</u>**

Pursuant to Rule 59(e), Federal Rules of Civil Procedure, Everest Indemnity Insurance Company ("Everest") seeks review of an order that denied Everest's motion to dismiss and that found against Everest and in favor of United Educators Insurance ("United Educators") on the issue of priority of insurance coverage. (Dkt. 44.) Everest argues that Rule 59(e) requires review to correct a manifest error of law or fact. United Educators opposes the motion and argues both that Everest's motion is substantively incorrect and that the motion is precluded by Rule 59(e)'s prohibition of any argument not proffered before entry of judgment.

In addition, United Educators seeks attorney's fees (Dkt. 45) and moves to correct or amend the entry of judgement to include the judgment amount of $375,000.00 plus prejudgment interest (Dkt. 46). Everest opposes the motion for attorney's fees.[1] (Dkt. 49.)

    **I.**        **Brief Background[2]**

The underlying action asserted a wrongful death claim against Edward Waters College (the "College") and Alrod Security Services ("Alrod Security"). The underlying claimant agreed to settle

---

[1] Everest's opposition to the motion to correct the judgment is based only on the argument that the judgment should be vacated pursuant to Rule 59(e) and is not a substantive opposition to the motion.

[2] For a more complete background of the case relevant to the renewed motion to dismiss, see Order dated January 27, 2009. (Dkt.42.)

the claim for $2,750,000.00, which was paid by the College's and Alrod Security's insurers, Everest and United Educators.

The College and Alrod Security were insured under both primary and excess insurance policies. Everest issued to Alrod Security a commercial general liability policy (the "Alrod Security primary policy"), which provided coverage up to $1,000,000.00 per occurrence, and a commercial catastrophic liability policy (the "Alrod Security excess policy"), which provided excess coverage up to $4,000,000.00 per occurrence. Everest included the College as an additional insured on both the Alrod Security primary policy and the Alrod Security excess policy. In addition, Everest insured the College under a commercial general liability policy (the "College primary policy"), which provided coverage up to $1,000,000.00 per occurrence. Finally, United Educators issued the College an excess liability policy (the "College excess policy"), which provided excess coverage up to $5,000,000.00 per occurrence.

To fund the settlement, Everest contributed $1,000,000.00 pursuant to the Alrod Security primary policy, $1,000,000.00 pursuant to the College primary policy, and $375,000.00 pursuant to the Alrod Security excess policy. United Educators contributed $375,000.00 pursuant to the College excess policy.

Subsequently, United Educators filed a complaint for equitable subrogation on behalf of the College to recover from Everest the $375,000.00 United Educators paid toward the settlement. Everest moved to dismiss the complaint. (Dkt. 24.) The parties disputed the proper allocation of the settlement amount among the four policies and the proper interpretation of the "other insurance" clauses of each policy. After resolving issues regarding discovery, the parties stipulated (Dkt. 40) that the motion to dismiss and United Educators' response should be converted to cross-motions for summary judgment because "the facts [ ] of record are adequate" to decide a motion for summary judgment on the issue of allocation of the settlement amount. The Court converted the motion to a motion for summary judgment and found in favor of United Educators on the issue of priority of insurance coverage. (Dkt. 42 at p. 2.)

The order ruled that the Alrod Security primary policy was the primary policy and should provide the first level of payment up to its limit of $1,000,000.00 on behalf of both the College and Alrod Security. The order next found that, on behalf of the College, the College primary policy was primary over the Alrod Security excess policy and should pay the remaining $875,000.00 owed by the College. Last, the order ruled that, on behalf of Alrod Security, the Alrod Security excess policy should pay the remaining $875,000.00 owed by Alrod Security.

Everest argues that the order was a manifest error in law or fact and moves the Court to reconsider the order.

### III. Standard of Review

Reconsideration of an order under Rule 59(e) "is an extraordinary remedy to be employed sparingly." Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994). Courts only grant relief pursuant to Rule 59 (1) to account for an intervening change in controlling law, (2) to consider newly available evidence, or (3) to correct clear error or prevent manifest injustice. Davis v. Oldham, No. 6:07-cv-941-Orl-31DAB, 2008 WL 1771809, at *2 (M.D. Fla. Jan. 30, 2008) (citing Sussman, 153 F.R.D. at 694).

A motion to alter or amend may not "serve as a vehicle to re-litigate old matters or present the case under a new legal theory ... [or] to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." Davis v. Oldham, No. 6:07-cv-941-Orl-31DAB, 2008 WL 1771809, at *2 (M.D. Fla. Jan. 30, 2008) (citing Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000)); see also Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005) (refusing to allow petitioner to re-litigate old matters or raise new arguments that could have been raised, but were not, prior to the entry of judgment); Controlled Semiconductor, Inc. v. Control Systemation, Inc., No. 6:07-cv-1742-Orl-31KRS, 2008 WL 4459085, at *2 (M.D. Fla. Oct. 1, 2008) (citing Sanderlin v. Seminole Tribe of Florida, 243 F.3d 1282, 1292 (11th Cir. 2001)).

To avoid repetitive arguments on issues already considered fully by the court and protect against newly submitted legal argument or evidence, rules governing re-argument are narrowly construed and strictly applied. Controlled Semiconductor, Inc. v. Control Systemation, Inc., No. 6:07-cv-1742-Orl-31KRS, 2008 WL 4459085, at *2 (M.D. Fla. Oct. 1, 2008) (citing St. Paul Fire & Marine Ins. Co. v. Heath Fielding Ins. Broking Ltd., 976 F.Supp. 198 (S.D.N.Y. 1996)). Arguments not raised before entry of judgment are waived. O'Neill v. The Home Depot U.S.A., Inc., 243 F.R.D. 469, 483 (S.D. Fla. 2006) ("In order to demonstrate clear error, the party must do more than simply restate his previous arguments, and any arguments the party failed to raise in the earlier motion will be deemed waived.").

### III. Discussion

Everest's motion both re-argues issues previously considered and raises new arguments that could have been raised earlier. Neither is a sufficient ground to satisfy the clear error or manifest injustice standard for granting a motion for reconsideration. Insured Deposits Conduit, LLC v. Index Powered Financial Services, LLC, No. 07-22735-CIV., 2008 WL 5691352, at *2 (S.D. Fla. Jul. 28, 2008) (citing Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005) (a party cannot use a motion to reconsider "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.")

Everest's original motion to dismiss was limited to interpretation of the "other insurance" clauses of the relevant insurance policies. Everest's original motion argued that United Educators' equitable subrogation claims failed because, after Everest exhausted each of the primary policies covering the College and Alrod Security, the parties' excess insurance policies should pay on the same "coverage layer" and should each pay a pro-rata share of the settlement amount remaining. Further, Everest and United Educators stipulated (Dkt. 40) that the record permitted entering judgment as a matter of law because no issue of material fact existed.

Everest's motion for rehearing both introduces arguments not previously before the Court and re-asserts issues previously decided by the order on the cross-motions for summary judgment.

4

Notwithstanding the parties' stipulation, Everest now argues that insufficient evidence existed to enter summary judgment. Everest argues that the individual claims of the underlying complaint are at issue and are relevant to allocation of both coverage and fault. Specifically, Everest disputes the extent of the College's coverage under the Alrod Security primary policy with regard to the individual claims of the underlying complaint and argues that allocation of fault for the individual claims of the underlying complaint should be at issue. Further, Everest re-asserts its interpretation of the "other insurance" clauses and re-argues that the two excess policies should pay the remaining amount of the settlement on a pro-rata basis. Finally, Everest bases many of the new arguments on the premise that no evidence exists to support that Alrod Security and the College are equally responsible for the settlement amount.

However, prior to entry of judgment, Everest addressed neither the extent of coverage under the individual policies nor liability for the claims of the underlying complaint. Further, although having sufficient opportunity to do so before entry of judgment, Everest failed to oppose United Educators' assertion that the parties were equally responsible for the settlement amount. Everest waived these arguments by not raising them before entry of judgment. See O'Neill v. The Home Depot U.S.A., Inc., 243 F.R.D. 469, 483 (S.D. Fla. 2006).

The purpose of the strict limitation of Rule 59(e) is to prohibit parties from engaging in exactly the tactics attempted here by Everest. Controlled Semiconductor, Inc. v. Control Systemation, Inc., No. 6:07-cv-1742-Orl-31KRS, 2008 WL 4459085, at *2 (M.D. Fla. Oct. 1, 2008) (citing St. Paul Fire & Marine Ins. Co. v. Heath Fielding Ins. Broking Ltd., 976 F.Supp. 198 (S.D.N.Y. 1996)). Rule 59(e) prohibits a parties' raising new arguments not raised prior to the entry of judgment.

Further, Everest fails to demonstrate that the Court erred in its entry of summary judgment. Everest argues that the Court improperly limited the College's coverage under the College primary policy to $875,000.00. However, Everest misunderstands the order. Because Everest failed to challenge United Educators' argument that the parties were equally responsible for the settlement

5

amount, the Court accepted that the College and Alrod Security were each responsible for half of the settlement amount. The amount owed by the College after the Alrod Security primary policy was exhausted was $875,000.00. Nothing in the order limits coverage under the College primary policy; the order simply holds that the College primary policy was responsible for that $875,000.00 owed by the College. Everest also re-asserts that the parties' excess insurance policies should pay the remaining settlement amount on a pro-rata basis. However, Everest fails to identify any manifest error and simply reasserts the argument previously considered and rejected. Insured Deposits Conduit, LLC v. Index Powered Financial Services, LLC, No. 07-22735-CIV., 2008 WL 5691352, at *2 (S.D. Fla. Jul. 28, 2008). Accordingly, Everest fails to demonstrate any manifest error of law or fact sufficient to satisfy the clear error or manifest injustice standard for granting a motion for reconsideration. Insured Deposits Conduit, LLC v. Index Powered Financial Services, LLC, No. 07-22735-CIV., 2008 WL 5691352, at *2 (S.D. Fla. Jul. 28, 2008).

United Educators seeks attorney's fees (Dkt. 45) pursuant to Section 627.428, Florida Statutes. United Educators argues that Section 627.428 entitles it to fees either as a subrogee or as an assignee. However, Section 627.428 provides that attorney's fees may be collected only by "the named or omnibus insured, the insured's estate, specifically named beneficiaries under the policy, and other third parties who claim policy coverage through an assignment."[3] Continental Cas. Co. v. Ryan Inc. Eastern, 974 So.2d 368, 377 (Fla. 2008); see also Associated Elec. and Gas Ins. Services, Ltd. v. Ranger Ins. Co., 560 So.2d 242, 243 (Fla. 3d DCA 1990). Generally, "the willingness to award an insured fees associated with actions between insurers and their insureds does not extend to actions between insurers." 16 Couch on Ins. § 233:69. "In the absence of a finding that the excess insurer wrongfully refused to provide coverage, attorney's fees are not recoverable in an action clarifying coverage obligations of multiple insurers." Associated Elec. and Gas Ins. Services, Ltd. v. Ranger Ins. Co., 560 So.2d 242, 243 (Fla. 3d DCA 1990) (citations omitted).

---

[3]The assignment agreement relied on by United Educators is not an assignment of policy coverage, but an assignment of rights in the underlying action. Such an "assignment" fails to qualify United Educators as a "third party who claim[s] policy coverage through as assignment."

The Middle District of Florida has previously reviewed Florida law on this point and has adopted the view that Section 627.428 does not provide for "the recovery of attorney's fees expended in pursuing the action by the excess carrier against the primary insurer." Essex Builders Group, Inc. v. Amerisure Ins. Co., 429 F.Supp.2d 1274, 1290 (M.D. Fla. 2005) (adopting the reasoning of Associated Elec. and Gas Ins. Services, Ltd. v. Ranger Ins. Co., 560 So.2d 242, 243 (Fla. 3d DCA 1990), and quoting Chief Judge Schwartz's concurring opting in State Farm Fire & Cas. Co. v. Pritcher, 456 So.2d 1060 (Fla. 3d DCA 1989)). "Insurers are not among those entitled to recover fees." Id. Accordingly, United Educators is not entitled to attorney's fees pursuant to Section 627.428, Florida Statutes.

**IV.    Conclusion**

Accordingly, it is **ORDERED** that Everest's motion pursuant to Rule 59(e) (Dkt. 44) is **DENIED** and United Educators' motion for attorney's fees is **DENIED** (Dkt 45).

United Educators' motion pursuant to Rule 60, Federal Rules of Civil Procedure, to correct the judgment (Dkt. 46) is **GRANTED** and the Clerk is directed to issue an amended judgment in favor of United Educators in the amount of $375,000.00 plus appropriate prejudgment interest accrued from April 20, 2007.

Everest's motion for oral argument (Dkt. 48) is **DENIED**.

**DONE** and **ORDERED** from Chanbers in Jacksonville, Florida on this 16th of April 2009.

_____
JOHN H. MOORE II
United States District Judge

Copies to: Counsel of Record